IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DEBRA K,

    *Plaintiff,*

vs.

Case No. 19-1150-EFM

ANDREW M. SAUL,
Commissioner of Social Security,

    *Defendant.*

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a final decision by Defendant, the Commissioner of Social Security. Because the ALJ's decision was supported by substantial evidence, the Court affirms the Commissioner's decision.

## I.     Factual and Procedural Background

Plaintiff has performed various jobs throughout her career, but particularly relevant to this action is her experience as a telemarketer. She alleges multiple disabilities dating back to February 2013, but only her allegations concerning COPD are relevant to this appeal. In her testimony to Administrative Law Judge Melvin Werner, Plaintiff described limitations in her ability to speak to others and her need for unscheduled breaks due to coughing attacks. She alleged that these limitations prevented her from returning to work as a telemarketer.

Plaintiff filed applications for Social Security disability insurance benefits and supplemental security income. The Social Security Administration denied Plaintiff's application initially and upon reconsideration. Plaintiff then sought review by an ALJ. The ALJ determined that Plaintiff had the following severe impairments: osteoarthritis of the upper extremities and chronic obstructive pulmonary disease ("COPD").

The following evidence was presented to the ALJ. Plaintiff has a long history of respiratory conditions, including COPD. Jarod Snyder, M.D., found that Plaintiff had some distant-sounding lung fields, but that her oxygen saturation was 97%. Snyder determined that Plaintiff's COPD was stable and that she should continue her inhaler. When she followed up in March 2014, her oxygen saturation was 100% and she had clear lungs. Months later, Plaintiff still had clear lungs but indicated that she had shortness of breath and suffered from coughing. Scans showed that Plaintiff had hyperexpanded lungs and scattered opacities indicative of emphysematous lung changes. Shortly thereafter, state agency physician David Braverman, M.D., reviewed the record and opined that Plaintiff could perform work if she avoided concentrated exposure to heat, cold, and respiratory irritants. State agency physician Pravin Sampat, M.D. later reviewed the evidence and agreed.

Snyder re-examined Plaintiff in May 2015 after she indicated she wanted to apply for disability benefits. Plaintiff had poor air movement, distant lung sounds, faint crackles at the bilateral bases, but no wheezing or no rhonchi. Snyder ordered a follow-up CT scan and formal pulmonary function testing. At that time, Snyder did not feel that Plaintiff's conditions warranted disability benefits. He filled out a form indicating, among other things, that Plaintiff could lift/carry ten pounds frequently and 20 pounds rarely, stand four or more hours at one time, stand

one hour at a time for less than two hours total, needed to shift positions, had various postural limitations, and was capable of slow-paced, low-stress work.

In October 2015, Plaintiff saw Bryson Hollingshead, D.O., in connection with her disability claim. Plaintiff once again reported COPD symptoms. She had non-labored respiration, no increase in chest diameter or obvious chest wall deformity, mildly decreased breath sounds in her lower lung lobes, and no rales, rhonchi, wheezes, or rubs. After his evaluation, Hollingshead opined that Plaintiff could perform work-related activities, including holding a conversation.

Plaintiff went to the ER in June 2016 to treat a cough that had persisted for three weeks. Her oxygen saturation was 96% and an examination showed she had some diffuse rhonchi but was not in respiratory distress. The ER doctor prescribed antibiotics and steroids and recommended that Plaintiff continue her other medication. A subsequent examination later that month showed clear lungs. Months later Plaintiff saw Larry Dragone, D.O., seeking treatment for worsened COPD. She had decreased breath sounds and Dragone recommended she continue her current medications and quit smoking. When Plaintiff followed up with Dragone in November, she had rhonchi and expiratory wheezes. At that point, he diagnosed Plaintiff with an acute exacerbation of COPD, urged her to stop smoking, and prescribed steroids.

In March 2017, Plaintiff saw Jenica Harwood, M.D. Upon examination, Harwood noted that Plaintiff exhibited some difficulty breathing, but otherwise had normal breath sounds, good air movement, and no wheezing or dyspnea. Several months later Harwood opined that Plaintiff could lift/carry 20 pounds occasionally, had an "unknown" ability to sit and stand, had some postural limitations, needed unscheduled breaks every one to two hours, would be off-task 20% of the time, was capable of low-stress work, and would miss four or more days of work per month. Plaintiff had another COPD exacerbation in September 2017 but improved by October.

In November 2017, Plaintiff saw Christopher Bryant, D.O. She had symmetric chest movement, non-labored breathing, and clear lungs without crackles or rhonchi, equal but depressed aeration, and a mild expiratory wheeze. Bryant stated that Plaintiff had minor physical limitations but was able to communicate and respond to questions. He also opined that Plaintiff could lift/carry up to 20 pounds frequently, sit four hours, stand two hours, and walk one hour at a time and four hours total, but that she should avoid extreme temperatures and vibrations.

Plaintiff testified concerning her COPD, stating that she used inhalers, was down to smoking two cigarettes per day, and that cold and heat made her breathing worse. She testified that she could no longer do her past telemarketer job for a variety of reasons, including that she had coughing fits. She further testified that she cared for herself and her pets and visited friends and family. She also occasionally cared for her three young grandchildren.

A vocational expert testified that someone with Plaintiff's RFC could perform her past relevant work as a telemarketer. After reviewing the record, the ALJ found that Plaintiff was not disabled under the Social Security Act. Plaintiff sought review, which the Appeals Council denied. Plaintiff now appeals the ALJ's decision, arguing that the ALJ violated Social Security Ruling ("SSR") 16-3p by failing to explain his finding that Plaintiff's alleged COPD limitations did not prohibit her from performing her past work as a telemarketer.

## II.   Legal Standard

Judicial review of the Commissioner's decision is guided by the Act, which provides that the Commissioner's findings as to any fact, if supported by substantial evidence, shall be conclusive.[1] The Court must therefore determine whether the Commissioner's factual findings are

---

[1] 42 U.S.C. § 405(g).

supported by substantial evidence and whether the ALJ applied the correct legal standard.[2] "Substantial evidence is more than a scintilla, but less than a preponderance; in short, it is such evidence as a reasonable mind might accept to support the conclusion."[3] The Court may "neither reweigh the evidence nor substitute [its] judgment for that of the [Commissioner]."[4]

An individual is disabled under the Act only if she can "establish that she has a physical or mental impairment which prevents her from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months."[5] This impairment "must be severe enough that she is unable to perform her past relevant work, and further cannot engage in other substantial gainful work existing in the national economy, considering her age, education, and work experience."[6] The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled.[7] The steps are designed to be followed in order. If it is determined, at any step of the evaluation process, that the claimant is or is not disabled, further evaluation under a subsequent step is unnecessary.[8]

The first three steps of the sequential evaluation require the ALJ to assess: (1) whether the claimant has engaged in substantial gainful activity since the onset of the alleged disability;

---

[2] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

[3] *Barkley v. Astrue*, 2010 WL 3001753, at *1 (D. Kan. 2010) (citing *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994)).

[4] *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991)).

[5] *Brennan v. Astrue*, 501 F. Supp. 2d 1303, 1306–07 (D. Kan. 2007) (citing 42 U.S.C. § 423(d)).

[6] *Barkley*, 2010 WL 3001753, at *2 (citing *Barnhart v. Walton*, 535 U.S. 212, 217-22 (2002); 20 C.F.R. § 416.920 (2005)).

[7] *Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010); *see also* 20 C.F.R. § 404.1520(a).

[8] *Barkley*, 2010 WL 3001753, at *2.

(2) whether the claimant has a severe, or combination of severe, impairments; and (3) whether the severity of those impairments meets or equals a designated list of impairments.[9] If the impairment does not meet or equal one of these designated impairments, the ALJ must then determine the claimant's RFC, which is the claimant's ability "to do physical and mental work activities on a sustained basis despite limitations from her impairments."[10]

After assessing the claimant's RFC, the ALJ continues to steps four and five, which require the ALJ to determine whether the claimant can perform her past relevant work, and if not, then whether she can generally perform other work that exists in the national economy.[11] The claimant bears the burden in steps one through four to prove a disability that prevents the performance of her past relevant work.[12] The burden then shifts to the Commissioner at step five to show that, despite her alleged impairments, the claimant can perform other work in the national economy.[13]

### III. Analysis

The ALJ completed the first three steps of the sequential evaluation, concluding Plaintiff's impairments did not meet or equal the designated list of impairments. The ALJ then determined Plaintiff's RFC and proceeded to steps four and five. At step four, the ALJ concluded that Plaintiff failed to carry her burden to prove that she could not perform her past relevant work as a telemarketer. As such, the ALJ concluded that Plaintiff was not disabled under the Act. Plaintiff now argues that the ALJ's decision lacked substantial evidence at step four because it failed to

---

[9] *Lax*, 489 F.3d at 1084; *see also Barkley*, 2010 WL 3001753, at *2 (citing *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988)).

[10] *Barkley*, 2010 WL 3001753, at *2; *see also* 20 C.F.R. §§ 404.1520(e), 404.1545.

[11] *Barkley*, 2010 WL 3001753, at *2 (citing *Williams*, 844 F.2d at 751).

[12] *Lax*, 489 F.3d at 1084.

[13] *Id.*

explain why Plaintiff's COPD allegations were not credible. The Commissioner counters that the ALJ adequately addressed Plaintiff's COPD allegations, basing his decision on ample evidence found throughout the record.

In support of her argument, Plaintiff cites Social Security Ruling 16-3P which interprets the Commissioner's regulations regarding the evaluation of a claimant's subjective complaint.[14] SSR 16-3P states that an ALJ's decision "must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms."[15] Plaintiff further cites *Brownrigg v. Berryhill*,[16] where the Tenth Circuit remanded the case because the ALJ's decision denying disability lacked well-articulated reasons for not crediting the claimant's allegations. The court stated "[w]e recognize '[c]redibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence' . . . [b]ut we cannot ascertain whether substantial evidence supports the ALJ's credibility determination here because his analysis was incomplete."[17] The court based this decision on the fact that "[t]he record contains evidence of an event that could have affected [the claimant's] pain level" after the testifying doctor treated him.[18] Because the ALJ failed to mention the additional events alleged by the claimant, the Tenth Circuit concluded that the ALJ's decision discrediting the claimant's allegations lacked substantial

---

[14] SSR 16-3P, 2016 WL 1119029 (March 16, 2016).

[15] *Id*.

[16] 688 F. App'x 542 (10th Cir. 2017).

[17] *Id.* at 546–47 (citing *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995)).

[18] *Id*.

evidence. However, the Tenth Circuit has elsewhere stated that an ALJ is not required to repeat evidence it has already discussed when weighing all subsequent evidence.[19] The ALJ's decision merely needs to allow the Court to reasonably discern the "path" to the ALJ's conclusions.[20] "In conducting our review, we should, indeed must, exercise common sense. The more comprehensive the ALJ's explanation, the easier our task; but we cannot insist on technical perfection."[21]

While the ALJ's decision could have been clearer, its lack of clarity did not reach to the extent of *Brownrigg.* Unlike there where the ALJ failed to address allegations of injuries occurring after the medical examination, the ALJ here considered all evidence and allegations relevant to the disability determination. Although the ALJ did not specifically respond to Plaintiff's testimony about her ability to work as a telemarketer, he amply addressed those limitations and conditions elsewhere in his opinion. Unlike in *Brownrigg*, Plaintiff did not present further medical evidence of her limitations stemming from events occurring after the medical opinions of the experts in the case. The ALJ did not need to recite prior evidence to discredit Plaintiff's allegations. It was sufficient that the record elsewhere clearly indicated conditions. Looking at the record and decision as a whole, the Court can reasonably discern the path to the ALJ's conclusions.

The Court concludes that substantial evidence supported the ALJ's decision. Doctors Snyder, Hollingsworth, Bryant, Braverman, and Sampat all opined that Plaintiff's COPD did not

---

[19] *See Endriss v. Astrue,* 506 F. App'x 772, 777 (10th Cir. 2012) ("The ALJ set forth a summary of the relevant objective medical evidence earlier in his decision and he is not required to continue to recite the same evidence again in rejecting Dr. Wright's opinion.").

[20] *See Alaska Dep't of Envtl. Conservation v. E.P.A.*, 540 U.S. 461, 497 (2004) ("Even when an agency explains its decision with 'less than ideal clarity,' a reviewing court will not upset the decision on that account 'if the agency's path may reasonably be discerned.'") (citing *Bowman Transp., Inc. v. Arkansas—Best Freight System, Inc.*, 419 U.S. 281, 286 (1974)).

[21] *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012).

disable her to the extent she claimed it did. It is well within the ALJ's purview to determine the proper weights to afford pieces of the record; this Court cannot reweigh the evidence. Plaintiff disagrees more with the ALJ's conclusions than with the sufficiency of the evidentiary record. Plaintiff's subjective testimony was that her COPD conditions limited her ability to work as a telemarketer. But that was her interpretation of the facts. The ALJ, drawing from the same record of facts, concluded the opposite. The record clearly shows that there was more than a "scintilla" of evidence to discredit Plaintiff's COPD allegations. Considering the record as a whole, the ALJ concluded at step four that Plaintiff is capable of performing her past relevant work as a telemarketer because that work did not require activities precluded by her RFC. In light of the record and the deferential standard of review at this stage, the Court cannot conclude that the ALJ's decision lacked substantial evidence.

**IT IS THEREFORE ORDERED** that the decision of the Commissioner is hereby **AFFIRMED.**

**IT IS SO ORDERED**.

Dated this 24th day of March, 2020.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE